**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTEBAN VILLAR CALDERON, | No. 19-72871 |
| Petitioner, | Agency No. A095-760-795 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2026[**]
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and LIBURDI,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

Esteban Villar-Calderon, a native and citizen of Mexico, seeks review of a decision of the Board of Immigration Appeals (BIA) denying his third motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Villar-Calderon only challenges whether the immigration court lacked jurisdiction over his removal proceedings, because his initial notice to appear (NTA) did not include the date and time for his hearing. This argument is foreclosed by our decisions in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), and *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022) (en banc). In *Bastide-Hernandez*, we determined that "[n]othing in the INA, . . . conditions an immigration court's adjudicatory authority on compliance with rules governing notices to appear, whether statutory or regulatory." 39 F.4th at 1191–92 (internal quotation marks and citations omitted). Rather, regulations governing the contents of an NTA are "claim-processing rule[s] not implicating the court's adjudicatory authority." *Id.* at 1191. Thus, any defects in the NTA had "no bearing on an immigration court's adjudicatory authority." *Id.* at 1193. Accordingly, the BIA did not abuse its discretion in denying Villar-Calderon's motion.

**PETITION DENIED.**